[No. 7,750.—In Bank.]

## CHARLES J. FOX *v.* MILTON LINDLEY, TREASURER OF THE COUNTY OF LOS ANGELES.

SHORT-HAND REPORTER—FEES—CONSTRUCTION OF STATUTE—COUNTY TREASURER.—Section 869 of the Penal Code, as amended March 3rd, 1881, provides that a committing magistrate may order the testimony and proceedings to be taken down in short-hand in all examinations of persons accused of crime, and for that purpose may appoint a short-hand reporter. And § 2 of the amending act provides that the reporter's fees shall be paid out of the treasury of the county, or the city and county, on the certificate of the committing magistrate; but there is no provision fixing the reporter's fees, or authorizing the magistrate to fix them. In a. proceeding by a reporter employed by a magistrate under this provision to compel the county treasurer to pay the petitioner his fees as certified by the magistrate, *held*, that in the absence of any law prescribing the fees which the plaintiff was entitled to charge for his services, the certificate of the magistrate that services were rendered did not constitute a demand upon the county treasury which the treasurer was bound to pay.

APPEAL from a judgment for the plaintiff, in the Superior Court of Los Angeles County. SEPULVEDA, J.

*Thomas B. Brown*, for Appellant.

There is no statute providing for the payment of reporter's fees, except § 274, Code Civ. Proc., which does not apply to the case at bar: first, because such fees are only to be paid to the official reporter of the Superior Court; second, because the Act of March 3rd, 1881, no where in the remotest degree refers to that section. The Act of March 3rd, 1881 (Statutes 1881, p. 17), does not itself prescribe or fix any fees for services under it, and where there is no law establishing fees, none can be recovered. There is nothing in the Act of 1881 authorizing the justice of the peace to audit the claims of short-hand reporters, and therefore, if entitled to anything, their claim must be passed upon by the Board of Supervisors, and a warrant drawn by the county auditor. (Pol. Code, § 4046, par. 12, and § 4215.)

*Bicknell & White*, attorneys for Respondent.

Section 869, Penal Code, authorizes the magistrate to certify to the fees of the reporter. This either means that he is to allow compensation as courts of record do under § 271, Code Civ. Proc., and at the rates therein prescribed, or that he is to fix the value of the services. Either construction will suit respondent.

McKee, J.:

This is an appeal from an order for a peremptory writ of mandamus to compel the treasurer of Los Angeles County to pay the respondent certain fees for taking down the testimony and proceedings in a criminal proceeding before a justice of the peace, pursuant to the provisions of § 869 of the Penal Code as amended March 3rd, 1881.

It is admitted that the respondent was regularly appointed by the justice of the peace to perform the services required; that the services were rendered; and that the committing magistrate certified them according to the provisions of the law. But when the respondent presented his demand, certified according to law, to the county treasurer and demanded payment, the treasurer refused to pay, not because for want of funds in the treasury, but because the demand itself was not authorized by law.

To this it is answered that subdivision 2 of § 869, Penal Code, provides that " the reporter's fees shall be paid out of the treasury of the county, or the city and county, on the certificate of the committing magistrate." But are any fees allowed by law to short-hand reporters appointed under the provisions of § 869 of the Penal Code ? If not, the treasurer cannot be compelled to pay the demand of the respondent; for it is made his duty to " disburse the county moneys only on county warrants issued by the county auditor, based on orders of the Board of Supervisors, or as otherwise provided by law." (Subdivision 6, § 4144, Pol. Code.) Now the law under which the respondent was appointed did not, in any of its provisions, prescribe any fees to reporters for services rendered under it, nor did it authorize the magistrate who appointed the reporter to fix the fees or

compensation to which he might be entitled for his services. In fact, there is no law at all which allows salary or fees to short-hand reporters, except it be § 739 of the Political Code, which provides a salary for the phonographic reporter of the Supreme Court; and § 274 of the Code of Civil Procedure, which prescribes the compensation or fees to which reporters are entitled for services rendered in the trial of civil actions and proceedings, and criminal cases, in courts of record. But those sections have no application to short-hand reporters generally. Section 274 of the Code of Civil Procedure applies only to official reporters appointed by Superior Courts, and acting under their oath of office, in accordance with the provisions of §§ 272 and 273 of that Code. There is nothing in § 869 of the Penal Code which authorizes a reporter appointed under it to charge for his services the same fees as are allowed by law to official reporters of courts of record. Nor is there anything which authorizes a committing magistrate to fix his fees or compensation according to any standard, or at all.

In the absence of any law prescribing the fees which the respondent was entitled to charge for his services, the certificate of the magistrate that the services were rendered did not constitute a demand upon the county treasury which the treasurer was bound in law to pay.

Judgment and order for a peremptory mandamus reversed.

Morrison, C. J., Myrick, J., Ross, J., Sharpstein, J., and Thornton, J., concurred.